## THE KING *vs.* CHOP TIN

EXCEPTIONS FROM CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT.

### OCTOBER TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

A search warrant, being a "writing of value," as a "writ or process," is by Section 8 of Chapter XVI. of the Penal Code, a subject of larceny.

In an indictment for larceny of a search warrant, it need not be laid as the property of any person nor any pecuniary value placed upon it. It is sufficient, by Section 24 of the "Act to regulate the practice and procedure in criminal cases," to describe it as an original document of a Court.

No pecuniary value having been placed upon the search warrant, in the indictment or by the evidence, the stealing of it is larceny in the fourth degree, as not being a larceny in any one of the preceding degrees.

The defendant was improperly convicted of larceny in the third degree and was remanded to the Circuit Court for a new trial.

### OPINION OF THE COURT, BY JUDD, C.J.

The defendant was convicted of larceny in the third degree at the Circuit Court of the Fourth Circuit. A prosecution against himself was being conducted in the Police Court of Lihue, Kauai, in which two search warrants, which had been served and returned to the Court, had been produced. As the Police Justice rose to take the case under advisement, the warrants were missed, and, on defendant being charged with taking them, he denied knowledge of them, and they were found by the sheriff on his person and taken from him.

The indictment in the Circuit Court against him described the property alleged to be stolen as that of "S. W. Wilcox, Sheriff of the Island of Kauai," and on a motion to quash the indictment on the ground that the warrants were not the property of the Sheriff but of the Police Justice, the indictment was

amended on the motion of the Deputy Attorney-General, so as to read that the subject of the larceny was the property of the Sheriff and the Police Justice.

The Court was asked, on the conclusion of the evidence, to instruct the jury to acquit the defendant on the ground:

(1)  There is no certain evidence whose the property was.

(2)  And no value of the warrants had been shown.

(3)  No evidence of intent had been shown.

This motion was overruled and excepted to, and on the rendition of the verdict of guilty of larceny in the third degree, exception to the verdict was taken and motions for a new trial and in arrest of judgment were made to this Court.

## By THE COURT.

The search warrants could not well be, as alleged in the indictment, the property of both the Sheriff and the Police Justice.

It is true that no direct evidence was introduced to show whose property they were, but the documents were produced, and an inspection of them indicates that they were "original documents of a Court." This would be a sufficient description in an indictment, without an allegation of property in any person, by the authority of Section 24 of the "Act to Regulate the Practice and Procedure in Criminal Cases," page 345, Compiled Laws.

The value of the property alleged to be stolen is also unnecessary to be proven in this case, and unnecessary to be alleged in the indictment. Section 8 of Chapter XVI. of the Penal Code, on Larceny, enumerates among "writings of value" which may be the subject of larceny, a "writ or process." And Section 9, which declares that where no one can be benefited by a writing, and no one has any interest in it or depending upon it, or can be subject to liability by its passing into other hands or being destroyed, it is not a subject of larceny, must refer to other writings as well as those enumerated in Section 8, and must be read in connection with Section 10, which declares that the

" value of a writing is not necessarily to be considered to be the amount expressed or imported by the writing itself, but should be determined by its importance, materiality and availability as affecting public or individual interests." This means that the writing may have value or utility, and be the subject of larceny, if it is important or material to some public or individual interest, and is available for that purpose, though no money value could be placed upon it. We are of opinion that the search warrants were of this character, and that the instruction of the Court in this respect was correct.

But our Code distinguishes four degrees of larceny. The first degree is where the offense is committed in a Custom House, Court House, etc., etc., and is committed in the night time to the value of $100 or more.

The second degree is such larceny to the amount of $25 or more, and less than $100, or when the same is committed in the daytime to the amount of $100 or more.

Clearly, if this larceny had been charged in the indictment to have been committed in the Court House, as' it was, and the warrants were of the value of $100, it would be a larceny in the second degree.

Larceny in the daytime to the amount of more than $5 or less than $100, or the larceny not described in first and second division of the section to the amount of $10 or more, and less than $100, is larceny in the third degree.

All larceny to an amount less than $5, and all other larceny not being in one of the preceding degrees, is such in the fourth degree.

No pecuniary value being placed upon the search warrants by the evidence, larceny of them is in the fourth degree, as being a larceny not in one of the preceding degrees.

For this reason we find that the defendant was improperly convicted of larceny in the third degree, and accordingly remand the case to the Circuit for a new trial.

We remark, on the request to charge that the evidence does not show a felonious taking of the warrants, or an *animus*

*furandi*—an intent to appropriate to his own use the property of another—that the conduct of defendant in concealing the papers on his person and denying that he had them, is sufficient, to our minds, to show that the taking was felonious, and is not disproved by his statement, on his defense, that he took them to show to his counsel; but this was properly left to the jury.

*Deputy Attorney-General,* for the Crown.

*A. Rosa* and *V. V. Ashford,* for defendant.